# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KERST and DIANE KERST,<br><br>                                Plaintiffs,<br>  vs.<br><br>THE TRAVELERS INSURANCE COMPANY, a Connecticut corporation; TRAVELERS, THE STANDARD FIRE INSURANCE COMPANY, a business entity form unknown, and DOES 1-50, Inclusive,<br><br>                                Defendants. | CASE NO. 04-CV-1732 IEG (RBB)<br><br>**ORDER 1) GRANTING DEFENDANTS' MOTION IN LIMINE #1; 2) GRANTING DEFENDANTS' MOTION IN LIMINE #2; AND 3) SETTING PRE-TRIAL SCHEDULE** |

    Presently before this court is The Travelers Insurance Company and Travelers, The Standard Fire Insurance Company's (collectively "defendants"): 1) Motion in Limine #1 to Prohibit the Introduction of Evidence Unrelated to Plaintiffs' Breach of Contract Cause of Action; and 2) Motion in Limine #2 to Prohibit the Introduction of Evidence of Damage Beyond Costs to Repair Electrical Damages. (Doc. Nos. 83, 84.)

    Upon consideration of the arguments raised by the parties in their briefs and at oral argument, the Court hereby **GRANTS** defendants' motion in limine #1 with the following specifications. Evidence of water damage that occurred to the vessel is relevant and admissible, but any evidence regarding the 2002 water intake damage claim itself that the plaintiff filed with the defendants is not relevant and inadmissible. Evidence that plaintiffs filed a claim for electrical damage to the vessel is relevant and admissible, but any evidence regarding the defendants' handling or investigation of

1  the electrical damage claim is not relevant and inadmissible. Any evidence regarding the premiums
2  paid by plaintiffs for the insurance policy or defendants' cancellation of the policy is likewise
3  inadmissible. Lastly, any evidence that defendants' disparaged the plaintiffs' vessel is not relevant
4  and inadmissible.

5  The court also **GRANTS** the defendants' motion in limine #2 in full. Any evidence of
6  plaintiffs' emotional distress, maintenance fees, dock fees, maintenance fees, insurance premiums, or
7  loss of use and enjoyment of the vessel is not relevant and inadmissible.

8  The Court hereby sets the following dates for the trial on the breach of contract action:

9  1. Parties shall submit a joint proposed statement of the case **no later than December 1, 2006.**

11  2. Parties shall submit trial briefs to the Court **no later than December 1, 2006.**

12  3. Parties shall submit proposed voir dire questions to the Court **no later than December 1, 2006.**

14  4. The parties shall submit proposed jury instructions to the Court **no later than Monday, December 4, 2006.**

16  5. The trial shall commence on **Tuesday, December 5, 2006 at 9:00 a.m. in Courtroom 1.**

19  **IT IS SO ORDERED.**

21  **DATED: November 7, 2006**

22  *[signature]*
   **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**